No. 95          February 11, 2026          121

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES NICHOLAS KAPSALIS,
*Defendant-Appellant.*

Deschutes County Circuit Court
22CR38828; A183658

Michelle A. McIver, Judge.

Argued and submitted January 22, 2026.

Rond Chananudech, Deputy Public Defender, argued the cause and filed the briefs for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Kyleigh M. Gray, Assistant Attorney General, argued the cause and filed the brief for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Lagesen, Chief Judge, Kamins, Judge, and Armstrong, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction pursuant to a bench trial for one count of first-degree online sexual corruption of a minor, ORS 163.433; and one count of luring a minor, ORS 167.057. The convictions arose from defendant's online communications with an undercover police officer posing as a 15-year-old girl. Defendant raised the defense of entrapment to each charge, ORS 161.275, and moved for a judgment of acquittal on each count under the theory that the evidence was legally insufficient to disprove entrapment beyond a reasonable doubt. The trial court denied the motions and found defendant guilty as charged on those counts. On appeal, defendant assigns error to the trial court's denial of the motion for judgment of acquittal on each count, reiterating his argument that the evidence is legally insufficient to satisfy the state's burden to disprove the entrapment defense. Viewing the evidence in the light most favorable to the state as our standard of review requires, *State v. McDaniel*, 251 Or App 345, 346, 283 P3d 414 (2012), *rev den*, 353 Or 209 (2013), we affirm.

Defendant contends that, on this record, no reasonable factfinder could find beyond a reasonable doubt that he was not entrapped, that is, that he was not "induced to [commit the charged offenses] by a law enforcement official *** for the purpose of obtaining evidence to be used against [him] in a criminal prosecution." ORS 161.275(1) (defining the defense of entrapment). To disprove the defense of entrapment, the state must disprove two elements: (1) "that the defendant did not contemplate the proscribed conduct—that is, that the defendant did not have in view as a purpose, anticipate doing or performing, or plan or intend the proscribed conduct"; and (2) "that the defendant would not otherwise have engaged in the proscribed conduct." *McDaniel*, 251 Or App at 353 (internal quotation marks omitted); ORS 161.275.

On this record, a reasonable factfinder could be persuaded beyond a reasonable doubt that the state disproved both elements and that defendant both contemplated the proscribed conduct and would have engaged in it without inducement. The evidence that would support that finding

includes: that defendant initiated the communication; that his initial communication had sexual overtones about skinny dipping; that defendant learned quickly that he was communicating with someone who was (ostensibly) 15; that, despite having been told he was interacting with a 15-year-old girl, defendant continued to engage in sexually charged communication; that defendant initiated and arranged an in-person meeting in terms that explicitly contemplated sex; and that he sent an explicit photograph of his penis to a person he believed to be 15. To the extent that defendant argues that the state was required to prove that defendant was predisposed to commit the criminal acts before any interaction with police—a legal point we need not resolve definitively—the evidence that defendant was told early on that he was communicating with a 15-year-old girl and did not cut off communications permits the reasonable inference that defendant was disposed to commit the charged offense before any contact with police.

Affirmed.